NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| GEORGE C. JOHNSON, | : | |
| Plaintiff, | : | Civil Action No. 11-1528 (JAP) |
| v. | : | |
| UNITED STATES OF AMERICA, et al., | : | **OPINION** |
| Defendants. | : | |

PISANO, District Judge.

*Pro se* Plaintiff George C. Johnson brings this action against Defendants United States of America, United States Treasury Department, New Jersey Department of Human Services, Monmouth County Division of Social Services, Monmouth Vicinage Probation Services Division,[1] and numerous named and unnamed individuals. Presently before the Court are several motions: motions to dismiss Plaintiff's complaint filed by all named Defendants; a motion to vacate arrears filed by Plaintiff; a motion for leave to file a late notice of claim pursuant to the New Jersey Tort Claims Act filed by Plaintiff; and a motion for admissions filed by Plaintiff. For the reasons below, the Court will grant Defendants' motions to dismiss and will deny Plaintiff's motions.

## I.   BACKGROUND[2]

Plaintiff submitted his complaint to this Court on March 16, 2011. Therein, he challenges an outstanding support obligation. Although he concedes that he has an obligation for

---
[1] Plaintiff's pleadings improperly refer to this entity as the "Monmouth County Probation Department."
[2] In addressing a motion to dismiss, the Court must accept as true the allegations contained in a complaint. *See Toys "R" US, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003); *Dayhoff, Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1301 (3d Cir. 1996). Accordingly, the facts recited herein are taken from Plaintiff's complaint unless otherwise indicated; they do not represent this Court's factual findings.

past-owed support, he contests the amount for which he is responsible. Specifically, Plaintiff maintains that, instead of owing $38,954.14, he owes only half of that amount, or $19,477.07, minus any arrears that directly benefit Karen Saunders, the mother of his sons. He asserts three causes of action, all captioned as negligence claims. Within those claims, Plaintiff asserts that his rights under the Fifth, Eighth, and Fourteenth Amendments, as well as Article I, Section 8 of the U.S. Constitution, were violated.

In a submission dated April 23, 2011 and captioned as a complaint, Plaintiff attempts to clarify the basis for his claims. *See* Dkt. Entry 5. He states that his constitutional claims are brought pursuant to 42 U.S.C. § 1983[3], and further asserts that "[o]n November 26, 2010, the defendants negligently by Administrative Offset and federal tax refund offset, continue to state and take an incorrect and unlawful amount by withholding." *Id.*

All named Defendants have filed motions to dismiss Plaintiff's complaint. *See* Dkt. Entries 23, 29, 31, 37, 63. In their motions, Defendants assert that, *inter alia*, Plaintiff's claims are barred by the doctrines of sovereign immunity and *Rooker-Feldman*, the Court lacks jurisdiction to hear his claims insofar as he challenges the offset of his tax refund, and his negligence claims are barred by the New Jersey Tort Claims Act.

Plaintiff opposes Defendants' motions to dismiss. Additionally, he has filed several other motions in this action, including a motion to vacate all arrears owed to Defendant Karen Saunders[4], a motion for leave to file a late notice of claim, and a motion for admissions. *See* Dkt. Entries 13, 36, 56.

---

[3] Plaintiff cites 42 U.S.C. § 1983 as the basis for jurisdiction over his constitutional claims and asserts that Defendants violated and deprived him of his rights "under color of law," thereby utilizing the language contained in § 1983. Additionally, in his original complaint, Plaintiff makes numerous similar references to alleged deprivations "under color of law." Thus, the Court reads Plaintiff's federal constitutional claims as having been brought pursuant to § 1983.

[4] Because the allegations contained in this motion are analogous to those in Plaintiff's complaint, the Court will consider the motion in conjunction with Defendants' motions to dismiss.

## II. STANDARDS OF REVIEW

Defendants seek dismissal under both Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Federal Rule of Civil Procedure 12(b)(1) allows a party to move for dismissal of claims based on a lack of subject matter jurisdiction. Challenges to jurisdiction under 12(b)(1) may be either facial or factual. *Petruska v. Gannon Univ.,* 462 F.3d 294, 302 n.3 (3d Cir. 2006). A facial attack challenges the sufficiency of the pleadings, and the trial court "must consider the allegations of the complaint as true." *Id.* However, in a factual attack, plaintiff's allegations are afforded no presumption of truthfulness. *Id.* The plaintiff bears the burden of establishing that jurisdiction exists. *Id.*

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted. The Supreme Court set forth the standard for addressing a motion to dismiss under Rule 12(b)(6) in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The *Twombly* Court stated that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal citations omitted). Therefore, for a complaint to withstand a motion to dismiss under Rule 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations and footnote omitted).

More recently, the Supreme Court emphasized that, when assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129

S. Ct. 1937, 1949 (2009).  A complaint will be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.  To help guide a district court's evaluation of a motion to dismiss, the Third Circuit has established a three-part analysis:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim."  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth."  Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 129 S.Ct. at 1947-50)).  In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  *See Erickson v. Pardus,* 551 U.S. 89, 93–94 (2007); *United States v. Day,* 969 F.2d 39, 42 (3d Cir. 1992).

### III. DISCUSSION

#### A. *Rooker-Feldman* Doctrine

As a threshold matter, the *Rooker-Feldman* doctrine bars Plaintiff's claims to the extent that they concern determinations made in state court.  The *Rooker-Feldman* doctrine prohibits District Courts from adjudicating actions in which "the relief requested . . . requires determining that the state court's decision is wrong or . . . void[ing] the state court's ruling." *Desi's Pizza Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 419 (3d Cir. 2003) (internal citations omitted).  Thus, this Court lacks jurisdiction over Plaintiff's claims insofar as he seeks review or modification of support orders entered against him in the Superior Court of New Jersey.  *See Eisenstein v. Ebsworth*, 148 F. App'x 75, 77-78 (3d Cir. 2005) (*Rooker-Feldman* doctrine warranted dismissal

where claims involved challenge to state court child support order); *Zirkind v. State of New York*, 2007 WL 4300258, at *2 (D.N.J. Dec. 5, 2007) (no jurisdiction where plaintiff's claims involved a review of a support order entered in state court proceedings).

    B.    <u>Immunity</u>

Even assuming that Plaintiff's complaint contains allegations that are not barred by the *Rooker-Feldman* doctrine, the doctrine of sovereign immunity warrants dismissal of Plaintiff's federal claims. The Eleventh Amendment to the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." As developed, the Eleventh Amendment affords states and state agencies immunity from suits brought by citizens in federal court. *MCI Telecom. Corp. v. Bell Atl.-Pa.,* 271 F.3d 491, 503–04 (3d Cir. 2001); *Edelman v. Jordan,* 415 U.S. 651, 663 (1974). That immunity is not absolute, however, and three primary exceptions have been established that limit the breadth of the Eleventh Amendment: (1) congressional abrogation; (2) waiver by the state; and (3) suits against individual state officers for prospective injunctive and declaratory relief. *MCI,* 271 F.3d at 503.

Here, Congress' enactment of § 1983 did not abrogate states' immunity, *see Quern v. Jordan,* 440 U.S. 332, 340–41 (1979), and none of the named parties have consented to suit nor waived their immunity. *See MCI,* 271 F.3d at 503–04. Thus, because "[s]tate governments and their subsidiary units are immune from suit in federal court," Plaintiff's federal claims against the named state agencies are barred by the Eleventh Amendment. *Betts v. New Castle Youth Dev. Center,* 621 F.3d 249, 253–54 (3d Cir. 2010); *see Salerno v. Corzine*, 2006 WL 3780587, at *3 (D.N.J. Dec. 20, 2006) (New Jersey Department of Human Services is immune from suit

under Eleventh Amendment); *Otero v. County of Monmouth*, 2007 WL 1656851, at *3-4 (D.N.J. June 5, 2007) (Monmouth County Probation Department is not a "person" within the meaning of § 1983 and is therefore entitled to sovereign immunity from federal claims); *El-Bey v. Peer*, 2006 WL 231627, at *5 (D.N.J. Jan. 30, 2006) (same as to Monmouth County Division of Social Services). Likewise, the Eleventh Amendment bars Plaintiff's claims against all individual Defendants.[5] *See, e.g., Betts*, 621 F.3d at 254 ("Individual state employees sued in their official capacity are also entitled to Eleventh Amendment immunity because "'official-capacity suits generally represent only another way of pleading an action' against the state.") (internal citations omitted).[6]

Defendants United States of America and United States Treasury Department are similarly immune from Plaintiff's claims. Indeed, it is well-settled that the federal government and federal agencies enjoy immunity from suit absent consent or waiver. *See, e.g., FDIC v. Meyer,* 510 U.S. 471, 475 (1994) ("[i]t is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction").[7] Additionally, insofar as Plaintiff challenges the Treasury Department over an offset of his tax refund, this Court lacks jurisdiction to hear that claim. *See* 26 U.S.C. § 6402(g) ("No court of

---

[5] Because the Court is dismissing all of Plaintiff's claims insofar as they are asserted against named Defendants, Plaintiff's claims against the fictitious John and Jane Doe defendants must also be dismissed. *See Hindes v. F.D.I.C.,* 137 F.3d 148, 155-56 (3d Cir .1998) ("The case law is clear that ... an action cannot be maintained solely against Doe defendants."); *Didiano v. Balicki*, 2011 WL 1466131, at *11 (D.N.J. Apr. 18, 2011) ("An action cannot be maintained against fictitious defendants.").

[6] The Court further notes that Plaintiff's failure to identify the particular conduct for which each state and local government Defendant is responsible constitutes an additional ground for dismissal. *See Ross v. Meagan,* 638 F.2d 646, 650 (3d Cir. 1981) ("This court has consistently demanded that a civil rights complaint contain a modicum of factual specificity, identifying the particular conduct of defendants that is alleged to have harmed the plaintiff."); *Gittlemacker v. Prasse,* 428 F.2d 1, 3 (3d Cir. 1970) (a § 1983 complaint "must portray specific conduct by state officials which violates some constitutional right of the complainant."). Moreover, even construed liberally, Plaintiff's complaint is beset with "labels and conclusions, and . . . formulaic recitation[s] of the elements of a cause of action"—insufficient showings to withstand a motion to dismiss. *Twombly*, 550 U.S. at 555.

[7] Although the Federal Tort Claims Act ("FTCA") constitutes a limited waiver of immunity from tort claims, *see* 28 U.S.C. § 1346(b); *United States v. Muniz,* 374 U.S. 150 (1963), a constitutional tort is not cognizable under the FTCA. *See F.D.I.C.,* 510 U.S. at 477.

the United States shall have jurisdiction to hear any action, whether legal or equitable, brought to restrain or review a reduction authorized by subsection (c), (d), or (e)."); *Johnson v. I.R.S.*, 2001 WL 1175151, at *1 (E.D. Pa. 2001) (Court had no jurisdiction over claims against the Treasury Department because § 6402 authorizes collection actions and plaintiff's allegations against the Department were limited to actions in connection with the offset of his tax refund). Accordingly, dismissal is warranted as to Plaintiff's federal claims against all Defendants.

  C.  <u>New Jersey Tort Claims Act</u>

  To the extent that Plaintiff seeks to assert common law negligence claims against Defendants, his recovery is barred by the New Jersey Tort Claims Act. In order to bring a tort action against a "public entity or public employee" in New Jersey, the New Jersey Tort Claims Act ("NJTCA") requires a claimant to file a notice of claim with the entity within ninety days of the accrual of the claim or else be "forever barred" from asserting that cause of action. *County Concrete Corp. v. Town of Roxbury,* 442 F.3d 159, 174 (3d Cir. 2006) (citing N.J.S.A. 59:8-3 and -8). After the ninety-day period expires, the NJTCA allows a claimant, under certain circumstances, to petition the trial court to file a late notice of claim. *Moon v. Warren Haven Nursing Home,* 182 N.J. 507 (2005) (citing N.J.S.A. 59:8-9). The trial court has discretion in determining whether to grant a claimant's request, and the claimant is required to demonstrate that "the public entity or the public employee has not been substantially prejudiced" by the delay, and that there were "extraordinary circumstances" that led to the failure to file within the period of time prescribed. N.J. Stat. Ann. 59:8-9.

  Here, Plaintiff's failure to timely file a notice of claim warrants dismissal of his negligence claims. Although he asserts that the alleged accident giving rise to his claims occurred on January 21, 2011, Plaintiff did not file a notice of claim until at least May 31, 2011,

well after the ninety-day period expired.[8] *See* Docket Entry 24. Moreover, the explanations he offers for his delay—namely, the death of Karen Saunders in January 2011 and medical concerns involving his mother in June 2011—do not constitute "extraordinary circumstances" that justify permitting him leave to file a late notice of claim. Indeed, Plaintiff found time to submit his complaint to this Court on March 16, 2011—well within the ninety-day period and two months before submitting his initial notice of claim—and the medical concerns involving his mother arose after he had already submitted his notice of claim and, correspondingly, after the filing period had expired. Accordingly, Plaintiff's failure to comply with the requirements of the NJTCA bars his negligence claims.

## IV. CONCLUSION

For the reasons above, the Court grants Defendants' motions to dismiss and denies Plaintiff's motions. An appropriate Order will follow.

/s/ JOEL A. PISANO
United States District Judge

Dated: December 6, 2011

---

[8] The Court notes that the submission of a notice of claim after the ninety-day time period expires is a nullity if done without first seeking leave. Additionally, the filing of a complaint is not a substitute for the notice of claim requirement. *See Guzman v. City of Perth Amboy*, 214 N.J. Super. 167, 171-72 (App. Div. 1986).